**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 06a0777n.06**
**Filed: October 18, 2006**

**No. 05-4520**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| **MYLANN L. OVERALL**, | ) | |
| | ) | |
| *Plaintiff-Appellant*, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| **RADIOSHACK CORPORATION**, | ) | |
| | ) | **O P I N I O N** |
| *Defendant-Appellee*. | ) | |
| | ) | |

**BEFORE:** NORRIS, COLE, and COOK, Circuit Judges.

**R. GUY COLE, JR., Circuit Judge.** Plaintiff-Appellant Mylann L. Overall sued Defendant-Appellee RadioShack Corporation—under 42 U.S.C. § 2000(e) *et. seq*., 42 U.S.C. § 2000e-2 ("Title VII"), 42 U.S.C. § 1981, and Ohio Revised Code § 4112.02(A)—alleging RadioShack unlawfully failed, or refused, to hire him because he is African American. For the following reasons, we **AFFIRM** the district court's entry of summary judgment for RadioShack.

**I. BACKGROUND**

RadioShack is a consumer-electronics dealer that employs approximately 35,000 persons in approximately 5,200 stores nationwide. This dispute centers around Overall's attempt to apply for a sales-associate position with a RadioShack store in Elyria, Ohio for RadioShack's 2002 "Golden Quarter," the period surrounding the holiday-sales season of October, November, and December.

RadioShack has two locations in Elyria: the Midway Mall store ("Mall store") and the 249-A Midway Boulevard store ("Boulevard store"), both of which are located in the Midway Mall about a quarter mile apart.

In early October 2002, Overall, a twenty-four-year-old high school dropout,[1] picked up an employment application from the Boulevard store and took it home to fill out. After completing the application, Overall returned, with application in hand, to the Boulevard store and spoke with the store manager, Debra "Cricket" Taylor. Although the store's window displayed a "Now Hiring" sign, Taylor refused to take the application. She told Overall that the Boulevard store was not hiring and directed Overall to take his application to the Mall store, where there was a hiring manager with hiring authority. Overall declined to take the application to the nearby Mall store.

It is RadioShack policy that whenever RadioShack is hiring store associates company-wide, it places "Now Hiring" signs in the windows of all its stores. Even though the signs are placed in the window of every store, not all RadioShack store managers have hiring authority; Taylor was one such manager who did not. Taylor's refusal to accept Overall's employment application, however, violated RadioShack policy requiring all managers to accept applications from prospective employees who do not wish to go to another location. This policy requires store managers without hiring authority to accept the application and forward it to the appropriate hiring manager.

Even though Overall chose not to take his application to the nearby Mall store, a week later, he again attempted to give the application to Taylor. Contrary to RadioShack policy, Taylor still

---

[1]Overall later earned a general equivalency degree in June 2003, well after the events surrounding this case occurred.

refused to accept it, once more instructing Overall to take his application to the Mall store. After this failed second attempt, Overall gave up on becoming a RadioShack sales associate.

For its 2002 Golden Quarter, RadioShack ultimately hired three temporary employees for the Boulevard store: a white male, a white female, and an African-American male.

Overall brought suit against RadioShack claiming RadioShack failed, or refused, to hire him because he is African American in violation of both federal and state law. RadioShack moved for summary judgment solely on the basis that Overall did not make out a prima facie case for disparate treatment in failing to hire him. The district court determined there was a genuine issue of material fact as to whether Overall was qualified for the position but, nevertheless, granted summary judgment for RadioShack because it found Overall failed to establish that he actually applied for the position. This timely appeal followed.

## II. DISCUSSION

### A. Standard of Review

This Court reviews a grant of summary judgment de novo. *E.g. Cincinnati Ins. Co. v. Zen Design Group, Ltd.*, 329 F.3d 546, 551–52 (6th Cir. 2003). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); s*ee also Weaver v. Shadoan*, 340 F.3d 398, 405

(6th Cir. 2003). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.

Because the elements and legal standards for establishing unlawful employment discrimination are the same under both Ohio law and Title VII, we need not analyze Overall's state and federal discrimination claims separately. *See Laderach v. U-Haul of Northwestern Ohio*, 207 F.3d 825, 828 (6th Cir. 2000) (citing *Little Forest Med. Ctr. of Akron v. Ohio Civil Rights Comm'n*, 575 N.E.2d 1164, 1167 (Ohio 1991)). If summary judgment is appropriate for one claim, then it is appropriate for both.

### B. Overall's Failure-to-Hire Claim

In a disparate-treatment case such as this, where a plaintiff claims he was not hired because of racial discrimination, the plaintiff must establish a prima facie case under a slightly modified version of the burden-shifting approach adopted by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). S*ee Fuhr v. Sch. Dist. of Hazel Park*, 364 F.3d 753, 758 (6th Cir. 2004). To make out a prima facie case, Overall must show that (1) he is a member of a protected class, (2) he applied for and did not receive the job at issue, (3) he was qualified for the job, and (4) similarly situated persons not in his class received the job for which he applied. *Anthony v. BTR Auto. Sealing Sys., Inc.*, 339 F.3d 506, 514 (6th Cir. 2003) (citation omitted). Additionally, in a failure-to-hire case, a plaintiff must show that "the defendant continued to accept applicants for the position from equally qualified persons." *Christopher v. Stouder Mem'l Hosp.*, 936 F.2d 870, 879 (6th Cir. 1991) (citing *McDonnell Douglas Corp.*, 411 U.S. at 802). If a plaintiff satisfies these

prongs, the burden shifts to the defendant to show that it had a legitimate non-discriminatory reason for failing to hire the plaintiff. *McDonnell Douglas Corp.*, 411 U.S. at 804. If the employer articulates such a reason, the burden shifts back to the plaintiff to show that this reason is pretextual. *Id*.

A failure to establish any one element of the prima facie case is sufficient to grant summary judgment in favor of RadioShack. Here, because we conclude that Overall's claim fails on the third element, we need not address the rest of the *McDonnel Douglas* test. To show that he was qualified for the sales associate position, Overall must present "credible evidence that his . . . qualifications are at least equivalent to the minimum objective criteria required for employment in the relevant field." *Wexler v. White's Fine Furniture, Inc.,* 317 F.3d 564, 576 (6th Cir. 2003) (en banc). Although the district court found that there was a triable issue as to whether Overall was qualified for the position, we conclude otherwise.

The job description for RadioShack sales associates provides, under the heading "Knowledge and Skill Requirements," that a "[h]igh school diploma or equivalent" is required. (Joint Appendix 133.) Further, RadioShack presented deposition testimony and affidavits from three RadioShack managers describing a RadioShack policy requiring all sales associates over the age of eighteen to have a high school diploma or general equivalency degree ("GED"). Consistent with this policy, everyone hired at the Boulevard store during the 2002 Golden Quarter had a high school diploma or GED. At the time Overall sought employment with RadioShack as a sales associate, he was over the age of eighteen but possessed neither a high school diploma nor a GED. Thus, under

RadioShack policy, Overall lacked a necessary qualification required for employment as a sales associate.

The district court, however, concluded that Overall presented sufficient evidence to create a triable issue regarding RadioShack's actual hiring practices. The district court found persuasive the following facts: (1) RadioShack's website did not reference a general requirement of a high school diploma or GED for the sales associate position but did expressly state such a requirement for the "Manager in Training" position; and (2) RadioShack regularly hired people under the age of eighteen who did not possess a high school diploma or equivalent.

These facts do not adequately rebut RadioShack's evidence that Overall was not qualified for the sales associate position. First, Overall has only shown that RadioShack's website spells out a more expansive list of requirements for the "Manager in Training" position than the sales associate position. Overall has not presented any evidence to refute RadioShack's proffered testimony that persons over the age of eighteen must possess a high school diploma or GED to be hired, nor has he shown a single instance where RadioShack did not follow its hiring rule.

Second, Overall interprets RadioShack's practice of hiring people under the age of eighteen, who lack a high school diploma or GED, as meaning that RadioShack does not actually have a hiring policy requiring sales associates over the age of eighteen to possess one. Overall's inference goes too far. The more reasonable explanation is that RadioShack's strict education requirement is relaxed for employees who are under the age of eighteen. This naturally follows when one considers that the vast majority of people under the age of eighteen are still in high school, which would, unsurprisingly, make it impossible for them to have a high school diploma or GED.

In October 2002, it is undisputed that Overall was over the age of eighteen and had neither a high school diploma nor a GED.  The evidence in the record shows that RadioShack did not consider Overall qualified for a sales associate position, and, therefore, even if Taylor had accepted Overall's completed employment application, Overall would not have been hired.  Overall has not presented any evidence to refute RadioShack's evidence establishing a hiring policy that required all sales associates over the age of eighteen to possess a high school diploma or GED.  Therefore, the district court properly granted summary judgment for RadioShack based on Overall's failure to establish a genuine issue of material fact with respect to whether he was qualified for the sales associate position.  Because resolution of this question is sufficient to grant summary judgment in favor of RadioShack, we do not reach the question of whether Overall actually applied for the position at issue.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.